DLD-265                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2362
_____

IN RE:  VAUGHN TIEDEMAN,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 2-19-cr-00875)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 2, 2021

Before: JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 13, 2021)
_____

OPINION*
_____

PER CURIAM

Vaughn Tiedeman, a pre-trial detainee proceeding pro se, has filed a petition for a

writ of mandamus seeking, among other things, to compel the United States District

Court for the District of New Jersey to dismiss his criminal case.  For the reasons that

follow, we will deny the mandamus petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Following the filing of a criminal complaint, Tiedeman was indicted on child pornography charges in December 2019. The District Court issued scheduling orders setting forth deadlines for discovery and the filing of pre-trial motions. On March 16, 2020, the Chief Judge of the District Court issued a Standing Order addressing court operations during the COVID-19 pandemic. Subsequent Standing Orders were issued as the pandemic developed. These orders continued jury trials and excluded the time period of March 16, 2020, through June 1, 2021, for purposes of bringing criminal cases to trial under the Speedy Trial Act.

In March 2021, the District Court granted Tiedeman's retained counsel's motion to withdraw. Shortly thereafter, Tiedeman filed documents asserting his speedy trial rights. Tiedeman requested and was provided court-appointed counsel. In July 2021, the Government filed a motion for a 60-day continuance in order to afford Tiedeman's new counsel time to prepare the case. In its motion, the Government stated that it was re-producing discovery and that pre-trial motions had yet to be filed. Tiedeman's attorney responded that Tiedeman had agreed to a brief continuance but that he wanted to proceed to trial as soon as possible. The District Court continued the matter until August 1, 2021.

Tiedeman filed a pro se document objecting to the continuance and re-asserting his speedy trial rights. On July 26, 2021, the District Court held a status conference, set trial for November 30, 2021, and continued the proceedings until then. Tiedeman did not consent to the continuance. However, his attorney was not available before that date. On August 24, 2021, the District Court issued a scheduling order at the request of the parties

setting the deadlines for pre-trial motions and scheduling argument on the motions for November 17, 2021. The order notes that discovery is complete and that trial is scheduled for November 30, 2021.

Tiedeman has filed a pro se mandamus petition in this Court challenging the validity of the continuances issued in the District Court's Standing Orders based on the ongoing pandemic. He asks us to void the continuances in these orders, to remove the continuances that were issued in individual cases, and to dismiss his case and others that were impacted with prejudice under the Speedy Trial Act. He also asks us to restore his rights in jail, including access to lawyers, family visits, and medical and dental care.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted).

Tiedeman has not made this difficult showing. Although Tiedeman's pre-trial confinement has been lengthy due to the pandemic, he has an upcoming trial date. To the extent he contends that his rights under the Speedy Trial Act have been violated, he may discuss the filing of a motion to dismiss the indictment with his new attorney. There is no need for this Court to intervene. To the extent Tiedeman challenges actions by county

3

officials at the Essex County Correctional Facility related to his conditions of confinement, the appropriate remedy is an action under 42 U.S.C. § 1983. See Hubbard v. Taylor, 399 F.3d 150, 153 (3d Cir. 2005) (holding pre-trial detainees' condition-of-confinement claim arose under the Fourteenth Amendment's Due Process Clause).

Accordingly, we will deny the petition for a writ of mandamus. Tiedeman's motion for appointment of counsel is also denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).